MINTER *vs.* BIGELOW & CO.

1. Where a sheriff doubts whether a defendant in execution is the rightful owner of personal property in his possession, it is his duty to demand a bond of indemnity of the plaintiff:— otherwise, in a proceeding against him for a failure to make the money, the burthen will be cast upon him, by shewing that the property was in reality not liable.

Error to the Circuit court of Dallas.

Notice to the sheriff.

This was a proceeding in the Circuit court of Dallas, against the plaintiff in error, as the sheriff of that county, under the statute, for failing to make the money on a writ of *fieri facias* theretofore placed in his hands, at the suit of the defendant in error, against John G. Abrams and another, which it was suggested might have been made, by the employment of *due diligence.* An issue was made up and submitted to the jury. On the trial, the presiding judge sealed a bill of exceptions, from which it appears that the main question before the jury was, whether two slaves, in the possession of the defendant in execution, (John G. Abrams,) were the property of himself, or of his father-in-law. There was evidence tending to prove that Abrams had no other property in his possession, and that he owned none, unless the slaves belonged to him.— There was no proof that the plaintiff in error made any effort to collect the money of Abrams, on the execution, but that it was returned, "no property found in my county." The judge, in his charge to the jury, instructed them, that it was incumbent on the plaintiff in error, to

show that the defendant in execution had no property during the life of the execution, out of which the money could have been made, or that he had used due diligence to find property. The jury found a verdict against the sheriff, who sues a writ of error to this court, and here assigns for error—That the judge of the Circuit court erred in his instructions to the jury, as shown by the bill of exceptions.

*J. B. Clarke,* for plaintiff in error.
*Edwards,* contra.

COLLIER, C. J.—If the instructions to the jury could be considered as the operation of *abstract legal propositions,* we should not hesitate to conclude, that the Circuit court misapprehended the law. A sheriff, when charged with a neglect of duty, is not bound to acquit himself of fault, by proof, until a *prima facie* case is made out against him. The law accords verity to his official return, until its falsity is shown, or such a state of facts proved, as authorises the inference that it is not true. When, therefore, a sheriff returns on a *fieri facias,* that there is no property to be found in his county, out of which it can be satisfied, it is incumbent on the plaintiff in execution, if he would gainsay it, to show that the return is presumptively false. This may be done by showing that the defendant in execution is in possession of property, and if he is not the owner of it, or it is not subject to the payment of his debts, it will devolve upon the sheriff to show, by proof, that such was its condition. He will, however, be relieved from this burthen, where

Minter *vs.* Bigelow & Co.

the title to property was doubtful, if he has used the precaution, while the execution was in his hands, to require a bond of indemnity of the plaintiff, who has declined complying with the requisition.

Let us consider the charge to the jury, in reference to the facts shown by the bill of exceptions. It appears, that the defendant in execution, (Abrams,) had property in his possession, though it is not expressly stated, yet we suppose, more than sufficient to satisfy it. The title to this proyerty was doubtful, yet the plaintiff in error required no bond of indemnity, but took upon himself to say, that it was not liable to the execution of the defendants in error. This being the true state of the case, the law required, that as the possession by the defendant in execution, of the slaves was shown, it would be presumed that they were his property ; that as the plaintiff in error had impliedly affirmed the reverse to be true, it devolved upon him to make good *his return*, by proof. If, however, he was mistaken as to the liability of the slaves to the debts of the defendant in execution, he might still have discharged himself, by showing that they were claimed by another person, or that the title was otherwise doubtful, and that a bond of indemnity was demanded of defendants in error, and not given. The charge to the jury, we think, states the law, substantially as we have laid it down, and is consequently free from exception.

The judgment of the Circuit court is for the amount of the execution, with damages, interest and cost, down to the time of its rendition. The plaintiff in error is only liable for the amount of the execution, with interest, on

the judgment against Abrams and another, to the time of its issuance, and damages and costs—(Bondurant vs. Lane, at this term.)

The judgment will be here amended accordingly, at the costs of the plaintiff in error.